IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BUILDER SERVICES GROUP, INC.** d/b/a **FUEL SAVERS INSULATION,** **Plaintiff** | No. 3:09cv255 (Judge Munley) |
| v. | |
| **CURTIS PICK, JAMES SPINA** and **PICK ENTERPRISES,** **Defendants** | |

## MEMORANDUM

Before the court for disposition is the plaintiff's motion for a stay pending mediation and arbitration. The motion has been briefed and is ripe for disposition.

**Background**

Plaintiff Builder Services Group, Inc., d/b/a Fuel Savers (hereinafter "Fuel Savers" or "plaintiff") is in the business of, *inter alia,* installing insulation. (Compl. ¶ 3). Plaintiff employed Defendant Curtis Pick from April 1, 2005 through August 23, 2008. (Id. at ¶ ¶ 12, 26). Immediately prior to leaving his employment with Fuel Savers, Pick incorporated a business, Pick Enterprises. (Id. at ¶ 27). Plaintiff avers that in connection with his employment with Fuel Savers, Pick executed various agreements that prohibited him from, *inter alia*, competing with plaintiff for a period of eighteen months within seventy-five miles of plaintiff's business.

When he left the Plaintiff's employ, Defendant Pick indicated that he did not intend to compete with it, but that his intention was to go into the business of waterproofing work. (Compl. ¶ 29). In December 2008, three of plaintiff's employees resigned their positions and began working for

Defendants Pick and Pick Enterprises.  (Id. at ¶ ¶ 30-31).

Plaintiff asserts that in December 2008 or January 2009, Defendants Pick and Pick Enterprises started to sell and install insulation in direct competition with plaintiff and in violation of Pick's agreements and restrictive covenants.  (Compl.  ¶ 32).  Plaintiff further alleges that Defendants Pick and Pick Enterprises continue to carry on in the business of insulation installation.  (Id.).

Defendant James Spina became an employee of plaintiff in 2001. (Compl. ¶ 37).  He is the father-in-law of Defendant Pick.  (Id. ¶ 12). Defendant Spina's employment with the plaintiff terminated in approximately December 2008.  Plaintiff avers that Defendant Spina is working for and/or assisting the activities of Defendant Pick and Pick Enterprises.  (Id. at ¶ 53).

Plaintiff asserts that defendants have unlawfully contacted its customers in violation of the agreement resulting in loss of insulation sales and installation by plaintiff.  (Id. ¶ 54).  As a result, plaintiff has been forced to reduce its bid price for performing work and has lost profits.

Based upon these averments, the plaintiff instituted the instant eight-count complaint.  The complaint alleges a breach of proprietary and confidential information and invention assignment agreement against Defendant Pick; breach of confidentiality agreements against Defendants Pick and Spina; breach of release agreement against Defendant Spina; conversion of trade secrets against all defendants; breach of fiduciary duties against defendants Pick and Spina; tortious interference with contract against all defendants; and civil conspiracy against Defendants Pick and Spina.

Plaintiff filed a motion for a temporary restraining order on February 9, 2009 seeking to have the court order the defendants to comply with the various non-compete agreements.  This court held a hearing on the motion on February 12, 2009, and the motion for a temporary restraining order was denied on that same day.   The court scheduled a preliminary injunction hearing for Monday April 20, 2009 and indicated that the preliminary injunction hearing would be combined with a full trial on the merits.[1]  The court set a discovery deadline and a deadline for filing briefs on the issue of the preliminary injunction.  (Doc. 18).

On March 2, 2009, the defendants answered the complaint.  (Doc. 24, 26).  Defendant Spina also filed a counterclaim for a declaratory judgment and asserting a  breach of contract and violation of Pennsylvania Wage Payment and Collection Law.  (Doc. 26).   The case proceeded through discovery, and the parties engaged in two discovery telephonic discovery conferences with the court.  On April 3, 2009, the plaintiff filed the instant motion to stay the proceeding pending mediation and arbitration.  (Doc. 37).  In the motion, the plaintiff asserts that each of the defendants agreed that disputes arising out of the employment would be resolved pursuant to the plaintiff's Dispute Resolution Policy.  (Doc. 37, ¶ 4).[2]

---

[1]Some confusion exists as to whether all the issues will be determined at this hearing as the plaintiff's complaint demands a jury trial although the complaint primarily seeks equitable relief.

[2]Plaintiff asserts that the purpose of the Dispute Resolution Policy is to provide for the expeditious resolution of all claims without extensive discovery, and yet Plaintiff seeks to stay this case which is proceeding to a potential final resolution on April 20, 2009.  (Doc. 37, ¶ 6).

3

As the motion was filed very near to the date set for the hearing on the preliminary injunction, the court ordered expedited briefing. The briefs have now been filed, brining the case to its present posture.

**Discussion**

Plaintiff's motion for a stay will be denied. The Dispute Resolution Policy that it seeks to invoke explicitly excludes "claims for injunctive or equitable relief the [plaintiff] might have against an employee to: enforce non-competition agreements; enforce non-solicitation agreements; protect, directly or indirectly, the Company's trade secret(s), proprietary information, confidential information and other Company property; and protect the Company's business reputation." (Doc. 37-2, Plaintiff's Ex. 1, Dispute Resolution Policy, at 2). These are precisely the claims raised in the instant lawsuit. Thus, the Dispute Resolution Policy does not apply to these claims.

Plaintiff asserts that this provision supports its position that the policy "specifically allows the pursuit of injunctive relief in court in addition to mediation and arbitration of claims." (Pl. Brief at 6). Plaintiff's position is wholly without merit. The policy does not state that court proceedings and the mediation and arbitration of claims are allowed with regard to these claims. It states that the claims are **exempt** from the Dispute Resolution Policy. (Doc. 37-2, Plaintiff's Ex. 1, Dispute Resolution Policy, at 2)

Moreover, we find that the plaintiff waived any right it may have had to enforce mediation/arbitration in this case by bringing the instant action instead of insisting upon mediation/arbitration in the first instance.

A party waives its right to arbitration by engaging in litigation if the opposing party would be prejudiced by staying the court action and

4

proceeding through arbitration. The Third Circuit Court of Appeals has set forth factors to examine to determine if a party would be so prejudiced. Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 222-23 (3d Cir. 2007).[3]

The court first examined timeliness of the request to stay pending arbitration. Here, the request is not timely. It came a mere two weeks prior to the preliminary injunction hearing. The plaintiff could have requested arbitration instead of commencing the instant litigation.

Ehleiter also examined, the "[2] the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; [3] whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the [trial court's pretrial orders; and [6] the extent to which both parties have engaged in discovery." Id. (quoting Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 926-27 (3d Cir. 1992)). These factors all support the denial of plaintiff's motion.

The second factor appears inapplicable because instead of replying to claims by the opposing party, plaintiff here is making claims against the opposing party.

The third factor examines when the party seeking arbitration informed the adversary of its intention to seek arbitration. It appears that the plaintiff

---

[3] In Ehleiter, the party seeking to enforce an arbitration agreement was the defendant. In the instant case, the plaintiff commenced the lawsuit and now seeks to stay the case and proceed through arbitration. It would appear that a party waives the right to arbitrate merely by filing suit. We will nonetheless apply the factors set forth by the Third Circuit even thought they apply to defendants who seek to enforce arbitration.

did not raise the issue of arbitration until March 31, 2009. (Doc. 41, at 3). Therefore, the issue was not raised until nearly two months after plaintiff itself commenced litigation and several weeks prior to the preliminary injunction hearing.

With regard to the fourth factor - - the extent of non-merits motion practice - -  due to the expedited nature of this proceeding, there has been limited non-merits motion practice. However, the parties have engaged the court in several discovery disputes.

The fifth factor examines the plaintiff's assent to the trial court's pretrial orders. Plaintiff has, in fact, assented to the trial court's pretrial orders, and again, we must emphasize that it was the plaintiff that instituted the instant litigation.

The final factor is the extent to which both parties have engaged in discovery. The discovery deadline has passed in this case, and the court must presume that discovery is complete.

Based upon all these factors, the defendants would be prejudiced by granting plaintiff's motion.

For all the above reasons, the plaintiff's motion for stay will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BUILDER SERVICES GROUP, INC. d/b/a FUEL SAVERS INSULATION,** <br> Plaintiff <br><br> v. <br><br> **CURTIS PICK, JAMES SPINA and PICK ENTERPRISES,** <br> Defendants | No. 3:09cv255 <br><br> (Judge Munley) |

## **ORDER**

**AND NOW**, to wit, this 9th day of April 2009, the plaintiff's motion to stay proceedings pending mediation and arbitration (Doc. 37) is hereby **DENIED**.

                          **BY THE COURT:**

                          **s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**